**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| *In re* SUBPOENA TO PERRONG LAW LLC | Misc. No. 2:26-mc-88 |
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DABELLA EXTERIORS LLC,<br><br>Defendant. | Underlying action:<br><br>United States District Court for the District of Oregon, Portland Division<br><br>Case No. 3:25-cv-00396-SI |

**NON-PARTY PERRONG LAW LLC'S MOTION**
**TO QUASH SUBPOENA, FOR A PROTECTIVE ORDER,**
**AND TO STAY COMPLIANCE**

Pursuant to Federal Rules of Civil Procedure 45(d)(3) and 26(c) and Local Civil Rule 7.1, Non-Party Perrong Law LLC ("Perrong Law" or the "Firm") respectfully moves this Court to stay and quash the document subpoena that Defendant DaBella Exteriors LLC ("DaBella") emailed to the Firm on September 17, 2026 in *Weingrad v. DaBella Exteriors LLC*, No. 3:25-cv-00396-SI (D. Or.) (the "Subpoena"). In particular, the Firm requests that the Court (i) stay any obligation to comply with the Subpoena pending decision of this Motion; (ii) hold that the Firm has no obligation to respond unless and until the Subpoena is served as Rule 45(b)(1) requires; and (iii) quash the Subpoena and order that the Firm need not produce the materials it describes. This Court is the proper court to decide this Motion. The Firm's only office is in Yardley, Pennsylvania, within this District. The only physical places of compliance the Subpoena

designates, Portland, Oregon and Jupiter, Florida, lie far beyond Rule 45(c)'s 100-mile limit, and an email address is not a place of compliance at all. Fed. R. Civ. P. 45(c)(2)(A), (d)(3)(A).

The Firm's accompanying memorandum of law demonstrates that this relief is appropriate for several reasons.

*First*, the Subpoena was never served. Courts in this Circuit require personal delivery under Rule 45(b)(1), and DaBella instead emailed the Subpoena to opposing counsel and then apparently sent a process server who never delivered it. *Second*, the Subpoena designates no lawful place of compliance. Its only physical locations are more than 100 miles from where the Firm resides, is employed, or regularly transacts business in person. *Third*, it is aimed at the wrong target. The Firm does not possess, have custody of, or control the materials sought, which by DaBella's own description were "taken by Mr. Perrong," are held by him personally, and have nothing to do with the Firm's representation of its client or with the underlying litigation. *Fourth*, the Subpoena is directed at the law firm litigating against DaBella. Courts in this District apply the *Shelton* test to such discovery and place the burden on the requesting party, and DaBella cannot satisfy any of its requirements. *Finally*, the Subpoena seeks material irrelevant to the Telephone Consumer Protection Act claims in the underlying action, concerning an in-person visit more than seven months after suit was filed, and Request No. 3 and the Subpoena's instructions are facially improper.

By filing this Motion, the Firm does not concede that the Subpoena has been served, does not consent to service of compulsory process by email, and does not waive any objection, privilege, or protection. The Firm appears solely to obtain the relief requested here.

This Motion is supported by the contemporaneously filed Memorandum of Law, the Declaration of Andrew Roman Perrong and its Exhibit A, and the proposed orders submitted under Local Civil Rule 7.1.

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 26.1(f)**

Pursuant to Local Civil Rule 26.1(f), undersigned counsel certifies that the parties, after reasonable effort, are unable to resolve this dispute. Counsel conferred with counsel for DaBella, , on multiple occasions, including: (i) a May 12, 2026 call regarding DaBella's second set of discovery and evidentiary objections, (ii) a June 11, 2026 call; (iii) a September 1, 2026 conferral. The parties also exchanged written correspondence during this period. DaBella has not withdrawn the Subpoena.

Dated: October 1, 2026

Respectfully submitted,

/s/ Andrew Roman Perrong
Andrew Roman Perrong (PA Bar No. 333687)
**PERRONG LAW LLC**
1669 Edgewood Rd., Suite 218
Yardley, PA 19067
Telephone: 215-225-5529
Facsimile: 888-329-0305
a@perronglaw.com
*Counsel for Non-Party Perrong Law LLC*