# Exhibit 2
# Letter to Counsel

# PARONICH LAW, P.C.

350 Lincoln St., Suite 2400
Hingham, MA 02043

Anthony I. Paronich

Tel. (508) 221-1510
Fax (508) 318-8100
anthony@paronichlaw.com

October 21, 2025

***VIA E-MAIL***

Diane Zelmer
Berenson LLP
4495 Military Trl Ste 203
Jupiter, FL 33458-4818

Ms. Zelmer,

We write regarding a serious incident that occurred last evening, October 20, 2025, at approximately 6:35 p.m. at Plaintiff Mr. Weingrad's residence.

At that time, two DaBella Home Improvement employees came to Mr. Weingrad's door step, and stood there for some time, while listening to what was going on inside and looking through the window of Mr. Weingrad's house, and without knocking or announcing their presence. When Mr. Weingrad's wife came out and questioned why these individuals were on the door step, these individuals asked for Mr. Weingrad, the owner of the house.

Andrew Perrong was also present and asked them why they were at the house given that DaBella is a defendant in pending litigation. The employees laughed, claimed ignorance of the lawsuit, and responded "we're working." One then stated to Mr. Perrong, "Do you want a lawsuit against you?" When Mr. Perrong asked what kind of lawsuit they were referring to, they said, "it doesn't matter." One individual further stated "it's not going to turn out right," told Mr. Perrong to "back up," stated he would make Mr. Perrong "a square," (threatening physical violence).

The Milwaukee Police were notified, attended, and trespassed the two individuals from Mr. Weingrad's house. The individuals claimed that they were soliciting, but the police further ascertained that they possessed no permit to solicit.

This conduct is intimidating and wholly inappropriate during active litigation. Pursuant to District of Oregon Local Rule 7-1(a)(1)(A), this email seeks your concurrence to the following relief:

1. Sanctions under the Court's inherent authority. We intend to move for sanctions based on the Court's inherent power to address abusive litigation conduct, including out-of-court intimidation of a party and counsel. *See Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp.

3d 476 (N.D. Tex. 2016) (recognizing the district court's inherent authority to impose sanctions to control litigation and to fill the interstices where specific rules provide inadequate remedies). The Ninth Circuit has likewise held that conduct which harasses an opposing party is sanctionable under the Court's inherent authority. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997).

2. Protective Order under FED. R. CIV. P. 26(c). We intend to seek an order prohibiting DaBella, including through its employees, agents and anyone acting in concert with them, from contacting Mr. Weingrad in any manner and from coming onto his home or workplace property during the pendency of this action.

As they obviously have relevant information, we request that DaBella identify the two employees who appeared at Mr. Weingrad's residence by Wednesday, October 22, 2025, so that we can promptly notice their depositions. In the absence of such identification, we will unilaterally notice two Doe depositions. FED. R. CIV. P. 30(b)(1); *see also Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 627 (C.D. Cal. 2005) (noting that agents of a corporation may have their deposition noticed through general description). We will also seek sanctions in the event that we are forced to use additional discovery devices to identify these individuals.

Please also confirm that DaBella has preserved all potentially relevant materials, including but not limited to canvassing/assignment logs, route sheets, CRM entries, timekeeping records, GPS/telemetry, training and disciplinary files, and any internal communications concerning these individuals and this visit.

We available to meet and confer today or tomorrow morning to discuss a stipulated protective order and an agreed path forward.

Regards,

*/s/ Anthony I. Paronich*

Anthony I. Paronich