**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: SUBPOENA TO PERRONG LAW, LLC** | : | **CIVIL ACTION** |
| | : | |
| | : | **NO. 26-mc-88** |
| | : | |
| | : | |

# ORDER

**AND NOW**, this 26th day of October 2026, upon consideration of Perrong Law, LLC's motion to quash (DI 1), DaBella Exteriors, LLC's opposition thereto (DI 14), and DaBella's motion to seal (DI 15), it is **ORDERED** that both motions are **DENIED** for the reasons discussed below. The motion to quash (DI 1) is denied without prejudice. The motion to seal (DI 15) is denied with prejudice. The Clerk of Court shall **CLOSE** this case.

1. This action concerns a third-party subpoena emailed to Perrong Law by DaBella in *Weingrad v. DaBella Exteriors LLC*, No. 3:25-cv-00396-SI (D. Or.). Perrong Law filed a motion with this Court asking us to (1) hold that the firm has no obligation to comply with the subpoena until it is properly served, (2) quash the subpoena, and (3) stay any obligation to comply with the subpoena pending resolution of this motion. DI 1 at 1. We granted the requested stay to preserve the status quo and because the subpoena appeared to be facially unenforceable. *See* DI 2; *infra* ¶ 4. DaBella responded to the motion to quash, arguing, among other things, that we should transfer the motion to the District of Oregon under Federal Rule of Civil Procedure 45(f). DI 14 at 12-13.

2. We agree with DaBella that the Eastern District of Pennsylvania is not the proper district to entertain the motion to quash, though for different reasons than those it advances. The proper place for the target of a subpoena to move to quash is "the court for the district where compliance is required . . . ." Fed. R. Civ. P. 45(d)(3)(A). The Third Circuit has yet to define the

"district where compliance is required," but we are persuaded by courts that have found it to be the location where the subpoena facially directs production. *E.g.*, *In re Boeing Co. Aircraft Securities Litig.*, 344 F.R.D. 281, 282-83 (D.D.C. 2023); *Vervain, LLC v. Kingston Tech. Co., Inc.*, 2025 WL 885599, at *7 (N.D. Cal. Mar. 21, 2025).

3. Here, the subpoena directs compliance "via email electronically" or to addresses in Portland, Oregon, or Jupiter, Florida. DI 1-3 at 1. Email is not an acceptable compliance location, so we will disregard that option. *See CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 710 (N.D. Tex. 2017) ("[A]n email address does not qualify as a location or place where compliance is required under Rule 45, although the subpoenaing party and the subpoenaed person could agree to production by electronic means."). That leaves the districts encompassing Portland and Jupiter (the District of Oregon and the Southern District of Florida, respectively) as the "district[s] where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). Thus, a court in the Eastern District of Pennsylvania is not the proper place to adjudicate the motion to quash. *See* Fed. R. Civ. P. 45(d)(3)(A). Accordingly, we will dismiss the motion to quash without prejudice so that Perrong Law may file it, if at all, in either the District of Oregon or the Southern District of Florida.

4. Of course, upon a motion to quash in the District of Oregon or the Southern District of Florida, Perrong Law will have strong arguments that the subpoena violates Rule 45(c)(2)(A) by listing a place of compliance more than 100 miles away from Yardley, PA, the place where Perrong Law resides or regularly conducts business. DI 1-2 ¶ 3. And we appreciate the irony that DaBella can force Perrong Law to litigate the subpoena in a faraway forum by violating Rule 45(c)(2)(A), a Rule designed to protect subpoenaed parties from the inconvenience of discovery in distant locations. But the record suggests that Perrong Law

brought this on itself. Perrong Law failed to meet and confer with DaBella at any time after the subpoena was issued (DI 14 at 11), and DaBella may well have simply changed the place of compliance had the issue been brought to its attention. Moreover, it is not clear why Perrong Law needs to expend court and party resources seeking to quash a subpoena when "the firm has no responsive materials." DI 1-1 at 7. Instead of demanding physical service and raising various substantive objections, Perrong Law could resolve this dispute by simply accepting email service for this particular subpoena and responding that it does not possess any responsive materials.

5. We cannot grant DaBella's request to transfer this motion to the District of Oregon under Rule 45(f). Rule 45(f) provides that the "court where compliance is required" may transfer the motion to the "issuing court" under certain circumstances. As we just explained, we are not the "court where compliance is required," so we have no authority to transfer the motion under Rule 45(f).

6. We also deny DaBella's motion to seal (DI 15) portions of its response in opposition to the motion to quash (DI 14). The only justification DaBella offers for sealing is that the material is subject to a protective order in the *Weingrad* action. DI 15 at 2-3. That is not enough. Once this material was filed with the Court, it became a judicial record. *In re Avandia Mktg., Sales Practices and Products Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Judicial records are subject to the common-law right of access. *Id.* That material is subject to a protective order is not sufficient to warrant sealing notwithstanding the common law right of access. *Id.* Rather, to overcome the strong presumption of public access, a party must identify specific items of information and explain, exactly, how disclosure would work a clearly defined and serious injury. *Id.* at 672-73. DaBella's motion does not even discuss this standard, much less satisfy it.

MURPHY, J.